## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **CRIMINAL ACTION** |
| ) | **NO. 19-40049-TSH** |
| ) | |
| ) | |
| **PEDRO VILLOT-SANTIAGO,** ) | |
| **Defendant.** ) | |
| ) | |

## ORDER
**November 4, 2020**

**HILLMAN, D.J.**

### Background

On July 22, 2020, Pedro Villot-Santiago ("Villot-Santiago" or "Defendant") was charged by way of Superseding Indictment with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, 400 grams or more of fentanyl, 280 grams or more of cocaine base, and 500 grams or more of cocaine, in violation of 21 U.S.C. §846; and conspiracy to possess with intent to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §846. He was arrested on July 23, 2020 and at his initial appearance, the Government moved for detention.

On July 30, 2020, Santiago-Villot was arraigned and pled not guilty. On that same date, a detention hearing commenced and was concluded on August 6, 2020. On August 31, 2020, Chief

Magistrate Judge Kelle ordered Villot-Santiago detained. In doing so, Chief Judge Kelley found that the rebuttable presumption under 18 U.S.C. §3142(e)(3) applies because the Defendant is charged with a crime for which a maximum term of imprisonment of 10 years or more is prescribed under the Controlled Substances Act, 21 U.S.C. §§801-904, but that the Defendant had presented sufficient evidence to rebut the presumption. However, based on the weight of the Government's evidence (overwhelming), the lengthy period of incarceration the Defendant faces if convicted (a ten year minimum mandatory which if he is safety valve eligible, could be reduced[1]), the fact that when Defendant was arrested in his bedroom over $200,000 and a loaded gun were recovered (the gun was within his reach), Defendant's prior criminal record which includes a convictions for possession with intent to distribute illegal substances and assault and battery, and the fact that he had pending charges against him in state court at the time of his arrest, Chief Judge Kelley found that by clear and convincing evidence that he is a danger to the community. Because Defendant has lived in the Fitchburg area for ten years and has strong family ties, Chief Judge Kelley found that the Government had not met its burden to establish by a preponderance of the evidence that he was a risk of flight.[2]

Defendant has filed a motion to revoke Chief Magistrate Judge Kelley's detention order, *see* Docket No. 220, asserting that: (1) most of his alleged co-conspirators (other than the alleged ringleaders) have been released pending trial; and (2) there are conditions which can assure the safety of the community if he were released, and his appearance as required.

---

[1] Because of the Defendant's prior criminal history, it is the Government's position that he is not safety valve eligible .

[2] The Government has not appealed Chief Judge Kelley's finding that Villot-Santiago is not a risk of flight and therefore, it is arguably not necessary for me to make any findings regarding that issue. However, both parties address the issue of whether Villot-Santiago is a risk of flight, so the Court will do so as well.

**Discussion**

Standard of Review; Rebuttable Presumption

This Court conducts a *de novo* review of an order to detain a defendant. Villot-Santiago is charged with a drug offense for which the maximum penalty is 10 years or more— consequently, the Government has invoked the rebuttable presumption set forth in 18 U.S.C. §3142(e). The Superseding Indictment establishes probable cause for the charges against Villot-Santiago and therefore, pursuant to Section 3142(e) there is a rebuttable presumption that he is both a danger to the community and risk of flight; Villot-Santiago bears the burden of rebutting that presumption. Chief Judge Kelley found that Villot-Santiago had rebutted the presumption but determined that detention was warranted because the Government established by clear and convincing evidence that Villot-Santiago is a danger to the community and that there are no conditions or combination of conditions of release that could assure the safety of any person or the community if he is released. While I agree with Chief Judge Kelley that Villot-Santiago has rebutted the presumption that he is a risk of flight, I do not find that he has rebutted the presumption that he is a danger to the community and for that reason, detention is warranted. Nevertheless, for the sake of completeness, I will do an independent analysis of whether the Government has established by a preponderance of evidence that there are no conditions or combination of conditions that will assure his appearance as required, or by clear and convincing evidence that there are no conditions or a combination of conditions that will assure that he is not a danger to any other person and the community.

<u>Defendant's Characteristics</u>

Villot-Santiago is thirty years old, was born in Puerto Rico and has lived in Fitchburg, MA for the past twelve years. He has been a long-term relationship with his girlfriend (2 ½ years) who also lives in Fitchburg. His mother resides in the area and works for the Fitchburg Housing Authority and Fitchburg Health Care. His father, who also lives locally (his parents are divorced) works as a driver for a local bus company and is a pastor at a Pentecostal Church in Lawrence, MA. Villot-Santiago has ten siblings most of whom reside in the Fitchburg area—one of them, Jonathan Villot, is a co-defendant in this case. If released, Villot-Santiago would reside in a house his father owns with his family; his father would be willing to post the home as collateral.   Villot-Santiago has worked in the music business (producing and recording). While Villot-Santiago has a lengthy criminal record, he only has a few convictions, most notably, a conviction for distributing controlled substances, which was continued without a finding, and a conviction for assault and battery.   He also has convictions for disorderly conduct and resisting arrest. At the time that he committed the offenses alleged in the Superseding Indictment, he was on pretrial release on a state court charge of fighting in public (a/k/a "affray").

<u>Proposed Conditions</u>

Defendant suggests that there are conditions or a combination of conditions that can be imposed to assure that he would appear as required and would not be a danger to any other person or the community. As noted above, Villot-Santiago suggests that he would live at a house his father owns in Fitchburg, MA. His father would be willing to post the house as collateral. Villot-Santiago would be willing to submit to substance abuse treatment for an admitted addiction to painkillers. Additionally, he would submit to home confinement and electronic

monitoring. He further contends that active monitoring by Pretrial Services and the threat of being returned to custody would assure his compliance.

## Whether Defendant Should be Released

### *Risk of Flight*

I have found that Villot-Santiago has rebutted the presumption that he is a risk of flight and therefore, will independently analyze the Government has established by a preponderance of the evidence that he is a serious risk of flight and, if so, whether there are any conditions or combination of conditions that could assure his appearance as required.

The Defendant is facing a significant period of incarceration if convicted, likely a ten-year minimum mandatory. However, he has significant family ties to the community. It has been suggested that this father would post real estate as security for his appearance. I have found that the evidence against him is overwhelming. On this record, I do find by a preponderance of the evidence that Villot-Santiago is a risk of flight. However, there are conditions that could be imposed to assure his appearance, including, home confinement, the appointment of a third-party custodian, electric monitoring, and posting of real estate as security[3].

### *Dangerousness*

The Defendant is charged with two separate conspiracies: one to distribute and possession with intent to distribute heroin, fentanyl, cocaine base, and cocaine, and one to possess with intent to distribute cocaine base and cocaine. The investigation of the alleged drug conspiracies, which began in September 2018 and continued through about November 2019,

---

[3] In making this finding, I am assuming that there would be significant equity in the real estate proposed to be posted. If this were not the case, I would find that Villot-Santiago should also be held as a serious risk of flight.

5

revealed that the conspirators supplied large quantities of a fentanyl/heroin mixture, cocaine and crack on a regular basis to drug dealers who would then sell the drugs on the streets. Many of the transactions were surveilled and Villot-Santiago was captured on Title III intercepts negotiating prices and amounts with co-defendant Ricky Figueroa ("Figueroa"). Figueroa then supplied the drugs (cocaine base and cocaine) he got from Villot-Santiago to Pedro Baez (the ringleader) for further distribution. Additionally, Villot-Santiago was intercepted regularly supplying cocaine and cocaine base to street level dealers who were his regular customers. Law enforcement was also able to identify a co-conspirator, Ivan Torres, who worked as runner for Villot-Santiago. Intercepts of Villot-Santiago's phone further establish that he worked with his brother, Jonathan, to obtain cocaine for re-sale.

Because of the large amount of drugs involved, if convicted, Villot-Santiago faces a ten-year mandatory-minimum sentence. He does not appear safety-valve eligible and even if he is, he faces a significant sentence. I agree with Chief Judge Kelley that the evidence against this Defendant is overwhelming. Accordingly, there is very strong likelihood that for the first time, he will face a significant period of incarceration. The Court has reviewed numerous letters of support from family, friends and members of the community extoling Defendant's character and importance in the community. While to many he is seen as a mentor and laudable member of the community, the wire intercepts and other evidence paint a very different picture—that of a long-time, large scale drug dealer. Given Villot-Santiago's apparent duplicitous nature, the Court cannot give these support letters the weight they would otherwise deserve.

In his memorandum in support of the instant motion and at the hearing, counsel for Villot-Santiago notes that this Court found two of co-defendants, Pablo Vidarte-Hernandez and

Adiangel Parades, to be dangers to the community, but ultimately concluded that there are conditions of release that could protect the community if they were released, including home confinement.[4] However, Villot-Santiago stands on a significantly different footing than these defendants. First, I have found that Villot-Santiago has not rebutted the presumption that he is a danger to the community and for that reason alone, detention is warranted. Independent of the presumption, a significant amount of money was found in Villot-Santiago's bedroom together with a nearby *loaded gun*. Additionally, Villot-Santiago was on release with charges pending against him in state court at the time that he allegedly committed the instant offenses. Moreover, given the duplicitous life he was apparently leading, I find that his apparent deceitfulness—even to those closest to him-- suggests that he would be unlikely to abide by any conditions of release imposed by the Court. Under the totality of these circumstances, I find by clear and convincing evidence that he is a danger to the community and that no conditions or combination of conditions would assure the safety of the community if he were he released. Accordingly, I am denying the Defendant's appeal and ordering him held pending trial.

## Conclusion

The Emergency Joint Motion to Revoke or Amend Magistrate's Detention Order (Docket No. 178) is ***denied***.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT JUDGE**

---

[4] While I found that there were conditions that could protect the community were these Defendants released, I denied their motion to revoke Chief Judge Kelley's detention order and ordered them held pending trial on risk of flight grounds. *See* Order dated August 19, 2020 (Docket No. 204).